04953.00399-HBM
LEGAL/141283484.v1
**MARSHALL DENNEHEY**
Howard B. Mankoff, Esq. - ☎973-618-4118
Attorney I.D. No. 021971981
✉ hbmankoff@mdwcg.com
Pauline F. Tutelo, Esq. - ☎973-618-4146
Attorney I.D. No. 025961996
✉ pftutelo@mdwcg.com
425 Eagle Rock Avenue, Suite 302
Roseland, NJ 07068
📠973-618-0685
ATTORNEYS FOR DEFENDANT – WORLD WIDE LAND TRANSFER, LLC f/k/a WORLD WIDE LAND TRANSFER, INC.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## TRENTON VICINAGE

| | |
|---|---|
| STEWART TITLE GUARANTY COMPANY,<br><br>                    Plaintiff,<br><br>v.<br><br>LAW OFFICES OF DAVID FLEISCHMANN, P.C., DAVID FLEISCHMANN, ESQUIRE, ANDREW SELEVAN, ESQUIRE AND WORLD WIDE LAND TRANSFER, LLC f/k/a WORLD WIDE LAND TRANSFER, INC.,<br><br>                    Defendants. | CIVIL ACTION NO. 3:21-CV-16713<br><br>**ANSWER TO AMENDED COMPLAINT ON BEHALF OF WORLD WIDE LAND TRANSFER, LLC f/k/a WORLD WIDE LAND TRANSFER, INC.** |

Defendant, WORLD WIDE LAND TRANSFER, LLC f/k/a WORLD WIDE LAND TRANSFER, INC. (World Wide), by way of Answer to the Amended Complaint, states:

### PARTIES

1. Admitted.

2. Admitted.

3. After reasonable investigation, the answering defendant is without sufficient information to admit or deny this allegation.

4. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

5. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

6. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

7. Admitted.

## JURISDICTION AND VENUE

8. Admitted.

9. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

10. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

11. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

## WORLD WIDE'S RESPONSE TO PLAINTIFF'S FACTUAL ALLEGATIONS

16. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

17. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

18. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

19. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

20. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

### THE REFINANCE TRANSACTIONS

21. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

22. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

23. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

24. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

25. Admitted.

26. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

27. Admitted.

28. Admitted.

29. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

30. Admitted.

31. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

32. Admitted.

33. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

## THE PRIOR MORTGAGES

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

## THE FORECLOSURES

39. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

40. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

41. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

42. It is admitted that World Wide learned that PrivCap had never received the payoff funds for either of its loans and that the prior mortgages remained unsatisfied. The characterization that it was long after the closings is denied.

43. Admitted.

44. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

45. Admitted.

46. It is admitted that the Motion to Quash was filed.

47. Admitted.

48. Admitted.

49. It is admitted that the Certification is attached.

50. Admitted.

51. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

52. Denied.

## COUNT I

53. The answers to the allegations in the preceding paragraphs are repeated as if set forth fully at length herein.

54. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

55. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

56. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

57. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

58. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

WHEREFORE, defendant, World Wide, demands judgment dismissing the Amended Complaint against World Wide and awarding the defendant World Wide counsel fees and costs of suit.

## COUNT II

59. The answers to the allegations in the preceding paragraphs are repeated as if set forth fully at length herein.

60. Admitted.

61. Admitted.

62. Admitted.

63. Admitted.

64. Admitted.

65. Admitted.

66. Denied.

67. Denied.

68. Denied.

WHEREFORE, defendant, World Wide, demands judgment dismissing the Amended Complaint against World Wide and awarding the defendant World Wide counsel fees and costs of suit.

## COUNT III

69. The answers to the allegations in the preceding paragraphs are repeated as if set forth fully at length herein.

70. Denied.

71. Denied.

72. Denied.

WHEREFORE, defendant, World Wide, demands judgment dismissing the Amended Complaint against World Wide and awarding the defendant World Wide counsel fees and costs of suit.

## COUNT IV

73. The answers to the allegations in the preceding paragraphs are repeated as if set forth fully at length herein.

74. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

75. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

76. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

WHEREFORE, defendant, World Wide, demands judgment dismissing the Amended Complaint against World Wide and awarding the defendant World Wide counsel fees and costs of suit.

## COUNT V

77. The answers to the allegations in the preceding paragraphs are repeated as if set forth fully at length herein.

78. Admitted.

79. Admitted.

80. Admitted.

81. Admitted.

82. Admitted.

83. Admitted.

84. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

WHEREFORE, defendant, World Wide, demands judgment dismissing the Amended Complaint against World Wide and awarding the defendant World Wide counsel fees and costs of suit.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

The Amended Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

The Amended Complaint is barred by the extent of the plaintiff's comparative negligence.

**Third Affirmative Defense**

The Amended Complaint is barred by the Doctrine of Laches.

**Fourth Affirmative Defense**

The plaintiff's damages, if any, were caused by third persons over whom the answering defendant had no control.

**Fifth Affirmative Defense**

The plaintiff has failed to mitigate its damages.

**Sixth Affirmative Defense**

The plaintiff's claims are barred by the Doctrines of Legal and Equitable Estoppel.

## CROSSCLAIM FOR CONTRIBUTION

Should it be determined at the time of trial that some or all of the allegations of the plaintiff's Amended Complaint are true, such that answering defendant is held liable to plaintiff, then the answering defendant seeks contribution from the co-defendants, under the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5-5.1, et seq., and the New Jersey Joint Tortfeasors Act, N.J.S.A. 2A:53A-1, et seq.

## CROSSCLAIM FOR INDEMNIFICATION

The answering defendant denies any liability whatsoever. Nevertheless, defendant World Wide asserts that any and all injuries and damages alleged by the plaintiff were the proximate result of the negligence, breach of warranty, strict liability and/or other liability-producing conduct of the co-defendants, which conduct was primary and active, and if answering defendant is found liable with respect to plaintiff's alleged injuries and damages, such liability is solely secondary, imputed and vicarious, and the co-defendants are liable over in indemnity.

The answering defendant is also entitled to indemnification and contribution pursuant to any applicable contracts or agreements between the parties.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned hereby certifies that the matter in controversy is not the subject of any other action in any court, or of a pending arbitration proceeding between the parties, and no other such action or arbitration proceeding are contemplated.

## DESIGNATION OF TRIAL COUNSEL

Howard Mankoff, Esq. is hereby designated as trial counsel.

## JURY DEMAND

Defendant hereby demands a trial by jury as to all issues so triable.

                                          **MARSHALL DENNEHEY**
                                          Counsel for Defendant WORLD WIDE LAND TRANSFER, LLC, f/k/a WORLD WIDE LAND TRANSFER, INC.

                                          BY:      */s/ Howard B. Mankoff*
                                                          HOWARD B. MANKOFF, ESQ.

Dated: September 27, 2021