## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEWART TITLE INSURANCE COMPANY, | : |
| | : |
| Plaintiffs, | : **Case No. 3:21-cv-16713 (FLW-TJB)** |
| | : |
| -against- | : |
| | : |
| LAW OFFICES OF DAVID FLEISCHMANN, P.C., | : |
| DAVID FLEISCHMANN, ESQUIRE, ANDREW | : **ANSWER TO AMENDED** |
| SELEVAN, ESQUIRE, and WORLD WIDE LAND | : **COMPLAINT AND CROSS-** |
| TRANSFER, LLC f/k/a WORLD WIDE LAND | : **CLAIMS ON BEHALF** |
| TRANSFER, INC., | : **OF DEFENDANT ANDREW** |
| | : **SELEVAN, ESQUIRE** |
| Defendants, | : |
| | : |

Defendant, Andrew Selevan (hereinafter referred to as "the Answering Defendant"), by and through undersigned counsel, Kevin T. Conway, as and for his Answer to the Amended Complaint herein, respectfully alleges as follows:

### THE PARTIES

1.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Amended Complaint.

2.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Amended Complaint.

3.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Amended Complaint.

4.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Amended Complaint.

5.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Amended Complaint.

1

6.      Admits the allegations set forth in paragraph 6 of the Amended Complaint.

7.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Amended Complaint.

## JURISDICTION AND VENUE

8.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Amended Complaint.

9.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Amended Complaint.

10.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Amended Complaint.

11.     Admits the allegations set forth in paragraph 11 of the Amended Complaint.

12.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Amended Complaint.

13.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Amended Complaint.

14.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Amended Complaint.

15.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Amended Complaint.

## ANSWER TO FACTUAL ALLEGATIONS OF PLAINTIFF

16.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Amended Complaint.

17.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Amended Complaint.

18.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in forth in paragraph 18 of the Amended Complaint.

19.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Amended Complaint.

20.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Amended Complaint.

## THE REFINANCE TRANSACTIONS

21.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Amended Complaint.

22.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Amended Complaint.

23.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Amended Complaint.

24.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Amended Complaint.

25.     The documents purported by the Plaintiff in paragraph 25 of the Amended Complaint to be "Copies of Commitment Letters issued by Nexus" attached as Exhibits "A" and "B" are writings that speak for themselves.

26.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Amended Complaint.

27.     The documents purported by the Plaintiff in paragraph 27 of the Amended Complaint to be "Copies of the recorded Nexus mortgages", attached as Exhibits "C" and "D", respectively, are writings that speak for themselves.

28.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Amended Complaint.

29.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Amended Complaint.

30.     The documents purported by the Plaintiff in paragraph 30 of the Amended Complaint to be "recorded Assignments from Nexus to PS Funding", attached as Exhibits "E" and "F", are writings that speak for themselves.

31.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Amended Complaint.

32.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Amended Complaint.

33.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Amended Complaint.

## THE PRIOR MORTGAGES

34.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Amended Complaint.

35.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Amended Complaint.

36.     The documents purported by the Plaintiff in paragraph 36 of the Amended Complaint to be "Selevan Payoff Instructions" attached as Exhibits "G" and "H", are writings that speak for

4

themselves.

37.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Amended Complaint.

38.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Amended Complaint.

**THE FORECLOSURES of the PRIOR MORTGAGES**
**and THE PURCHASE of THOSE LOANS BY STGC**

39.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Amended Complaint.

40.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Amended Complaint.

41.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Amended Complaint.

42.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Amended Complaint.

43.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Amended Complaint.

44.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Amended Complaint.

45.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Amended Complaint.

46.     Admits to the allegation set forth in paragraph 46 of the Amended Complaint that a Motion to Quash was filed, but denies having knowledge or information sufficient to form a belief as to the truth of the allegation that Nexus objected vociferously.

47.     The document purported by the Plaintiff in paragraph 47 of the Amended Complaint to be "Motion to Quash", attached as Exhibit "I", is a writing that speaks for itself.

48.     The document purported by the Plaintiff in paragraph 48 of the Amended Complaint to be "PS Funding's response to the Motion to Quash", attached as Exhibit "J", is a writing that speaks for itself.

49.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Amended Complaint, except admits that a purported Certification is attached.

50.     Upon information and belief, "The Motion to Quash was withdrawn before a decision was rendered on it".

51.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Amended Complaint.

52.     Denies the allegations set forth in paragraph 52 of the Amended Complaint.

## COUNT I

### NEGLIGENCE against LAW FIRM, FLEISCHMANN and SELEVAN

53.     As to paragraph 53 of the Amended Complaint, the Answering Defendant repeats, reiterates and realleges each and every response in the foregoing paragraphs of this Answer as though set forth in full herein.

54.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Amended Complaint.

55.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Amended Complaint.

56.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Amended Complaint.

57.     Denies the allegations set forth in paragraph 57 of the Amended Complaint

58.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Amended Complaint.

The Answering Defendant denies the unnumbered "WHEREFORE" clause following paragraph 58 that the Plaintiff is entitled to any of the relief requested in the Amended Complaint, and demands judgment dismissing the Amended Complaint against the Answering Defendant, and awarding the Answering Defendant counsel fees, costs and expenses in connection with the herein action.

## COUNT II

### BREACH OF CONTRACT AGAINST WORLD WIDE

59.     As to paragraph 59 of the Amended Complaint, the Answering Defendant repeats, reiterates and realleges each and every response in the foregoing paragraphs of this Answer as though set forth in full herein.

60.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Amended Complaint.

61.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Amended Complaint.

62.     The document referenced in Paragraph 62 is a writing that speaks for itself, and any characterization thereof is denied. To the extent a responsive pleading is required, the allegations in paragraph 62 are denied.

63. The document referenced in Paragraph 63 is a writing that speaks for itself, and any characterization thereof is denied. To the extent a responsive pleading is required, the allegations in paragraph 63 are denied.

64. The document referenced in Paragraph 64 is a writing that speaks for itself, and any characterization thereof is denied. To the extent a responsive pleading is required, the allegations in paragraph 64 are denied.

65. The document referenced in Paragraph 65 is a writing that speaks for itself, and any characterization thereof is denied. To the extent a responsive pleading is required, the allegations in paragraph 65 are denied.

66. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Amended Complaint.

67. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Amended Complaint.

68. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Amended Complaint.

The Answering Defendant denies the unnumbered "WHEREFORE" clause following paragraph 68 that the Plaintiff is entitled to any of the relief requested in the Amended Complaint, and demands judgment dismissing the Amended Complaint against the Answering Defendant, and awarding the Answering Defendant counsel fees, costs and expenses in connection with the herein action.

## COUNT III

### NEGLIGENCE (in the alternative) AGAINST WORLD WIDE

69. As to paragraph 69 of the Amended Complaint, the Answering Defendant repeats,

reiterates and realleges each and every response in the foregoing paragraphs of this Answer as though set forth in full herein.

  70. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Amended Complaint.

  71. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Amended Complaint.

  72. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the Amended Complaint.

  The Answering Defendant denies the unnumbered "WHEREFORE" clause following paragraph 72 that the Plaintiff is entitled to any of the relief requested in the Amended Complaint, and demands judgment dismissing the Amended Complaint against the Answering Defendant, and awarding the Answering Defendant counsel fees, costs and expenses in connection with the herein action.

## COUNT IV

**CONVERSION (in the alternative) AGAINST LAW FIRM and FLEISCHMANN**

  73. As to paragraph 73 of the Amended Complaint, the Answering Defendant repeats, reiterates and realleges each and every response in the foregoing paragraphs of this Answer as though set forth in full herein.

  74. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the Amended Complaint.

  75. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the Amended Complaint.

76.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the Amended Complaint.

The Answering Defendant denies the unnumbered "WHEREFORE" clause following paragraph 76 that the Plaintiff is entitled to any of the relief requested in the Amended Complaint, and demands judgment dismissing the Amended Complaint against the Answering Defendant, and awarding the Answering Defendant counsel fees, costs and expenses in connection with the herein action.

## COUNT V

**FRAUD (in the alternative) AGAINST LAW FIRM, FLEISCHMANN and SELEVAN**

77.    As to paragraph 77 of the Amended Complaint, the Answering Defendant repeats, reiterates and realleges each and every response in the foregoing paragraphs of this Answer as though set forth in full herein.

78.    Denies the allegations set forth in paragraph 78 of the Amended Complaint.

79.    Denies the allegations set forth in paragraph 79 of the Amended Complaint.

80.    Denies the allegations set forth in paragraph 80 of the Amended Complaint.

81.    Denies the allegations set forth in paragraph 81 of the Amended Complaint.

82.    Denies the allegations set forth in paragraph 82 of the Amended Complaint.

83.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the Amended Complaint, except any characterizations and/or allegations against the Answering Defendant are denied.

84.    Denies the allegations set forth in paragraph 84 of the Amended Complaint.

The Answering Defendant denies the unnumbered "WHEREFORE" clause following paragraph 84 that the Plaintiff is entitled to any of the relief requested in the Amended Complaint, and demands judgment dismissing the Amended Complaint against the Answering Defendant, and awarding the Answering Defendant counsel fees, costs and expenses in connection with the herein action.

WHEREFORE, the Answering Defendant respectfully requests that the Court dismiss the Amended Complaint in its entirety and enter judgment in its favor and against Plaintiff and award the Answering Defendant counsel fees, costs and expenses in connection with the herein action.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

85.     The alleged damages to the Plaintiff were caused in whole or part by the negligence, assumption of risk and breach of contract, and other culpable conduct of said Plaintiffs and others without any negligence, breach or fault on the part of the Answering Defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

86.     The Plaintiff is guilty of laches and should be equitably estopped from obtaining any relief herein.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

87.     Upon information and belief, any injuries or damages were caused in whole or in part by the negligence, breach of contract, or other wrongful conduct of the Plaintiff or others, including but not limited to contributory negligence and/or comparative negligence and/or wrongful conduct and were not the result of any negligence, breach of contract, and/or wrongful conduct on the part of the Answering Defendant and the Answering Defendant, therefore, requests that this Court determine the proportionate share of such culpable conduct as it

contributed in whole or in part to the incident and the damages claimed by the Plaintiff.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

88.     Any damages sustained were caused by the intervening actions and omissions of others than the Answering Defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

89.     Plaintiff's claims are barred by the doctrine of waiver.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

90.     The claims of the Plaintiff are barred by operation of the Statute of Limitations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

91.     Plaintiff's action should be dismissed because Plaintiff's Amended Complaint fails to comply with the requirements to give the Court or the Answering Defendant notice of the transactions, occurrences or the series of transactions and occurrences, contending to be proved and of key elements of each alleged cause of action.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

92.     No privity of contract exists between the Plaintiff and the Answering Defendant.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

93.     In the event the Plaintiff recovers a verdict or judgment against the Answering Defendant, then said verdict or judgment must be reduced by those amounts which have been paid to Plaintiff, or will with reasonable certainty replace or indemnify Plaintiff, in whole or in part, for any part or future claimed economic loss from any collateral source whatsoever.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

94.    The Answering Defendant is entitled to assert all contractual defenses, limitations of liability and other contract-based or agreement-based defenses which may be available to him.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

95.    The Answering Defendant's actions were reasonable under the circumstances.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

96.    That the Plaintiff does not have an interest in the property or business alleged to be at issue.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

97.    The Amended Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

98.    The Court lacks personal jurisdiction over the Answering Defendant by reason of insufficiency of process and insufficiency or service of process, and the Answering Defendant reserves the right to move for dismissal of the Complaint as to the Answering Defendant. The Court lacks personal jurisdiction over the Answering Defendant.

## ANSWER TO CROSS-CLAIM FOR CONTRIBUTION

99.    The Answering Defendant, by way of answer to any cross-claim for Contribution heretofore asserted by any co-defendant herein or which shall hereinafter be asserted by any co-defendant or third party defendant herein say: 1. The Answering Defendant denies each and every allegation of each such cross-claim and further deny liability in any way to any co-defendant or third-party defendant herein. 2. The Answering Defendant hereby incorporates by way of reference and assert each and every separate defense which earlier appears in this pleading as a separate defense to

the claims of Plaintiff herein.

WHEREFORE, the Answering Defendant demands that the Cross-Claim for Contribution be dismissed in its entirety and award the Answering Defendant counsel fees, costs and expenses in connection therewith.

## ANSWER TO CROSS-CLAIM FOR INDEMNIFICATION

100.    The Answering Defendant, by way of answer to any cross-claim for Indemnification heretofore asserted by any co-defendant herein or which shall hereinafter be asserted by any co-defendant or third party defendant herein say: 1. The Answering Defendant denies each and every allegation of each such cross-claim and further deny liability in any way to any co-defendant or third-party defendant herein. 2. The Answering Defendant hereby incorporates by way of reference and assert each and every separate defense which earlier appears in this pleading as a separate defense to the claims of Plaintiff herein.

WHEREFORE, the Answering Defendant demands that the Cross-Claim for Indemnification be dismissed in its entirety and award the Answering Defendant counsel fees, costs and expenses in connection therewith.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned hereby certifies that the matter in controversy is not the subject of any other action in any court, or of a pending arbitration proceeding between the parties, and no other such action or arbitration proceeding are contemplated.

## DESIGNATION OF TRIAL COUNSEL

Kevin T. Conway, Esq. is hereby designated as trial counsel.

## JURY DEMAND

The Answering Defendant hereby demands a trial by jury as to all issues so triable.

Dated: January 19, 2022
New City, New York

Respectfully submitted,

By:     *s/s Kevin T. Conway*
Kevin T. Conway, Esq. (NJ Bar 027311986)
7 Stokum Lane
New City, NY 10956
T: 845-352-0206
F: 845-352-0481
E-mail: kconway@ktclaw.com
*Attorney for Defendant Andrew Selevan*

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2022, I electronically filed the foregoing document with the Clerk of the Court and all parties using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

By:     */s/ Kevin T. Conway*
Kevin T. Conway, Esq. (NJ Bar 027311986)

15